UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:11-CR-0295-FJS |
| --- | --- | --- |
| v. | ) | INDICTMENT |
| EVAN V. KANE, | ) | Violations:<br>18 U.S.C. § 1341 [Mail Fraud];<br>18 U.S.C. § 1028A [Aggravated Identity Theft];<br>18 U.S.C. § 2701(a) [Unlawful Access to Stored Communications];<br>and Forfeiture Allegation |

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 2 2011

LAWRENCE K. BAERMAN, CLERK
ALBANY

The Grand Jury Charges:

**General Allegations**

At all times relevant to this Indictment:

1. The Social Security Administration ("SSA") was an agency of the United States, which administered the Social Security Disability Program pursuant to Title II of the Social Security Act, as codified at Title 42, United States Code, Sections 401, et seq., and the Supplemental Security Income ("SSI") Program pursuant to Title XVI of the Social Security Act, as codified at Title 42, United States Code, Section 1381-1383a, et seq.

2. The Social Security Act established the Social Security Disability Program and the SSI Disability Program which provide monthly benefits to individuals who have been found by SSA to be medically disabled, and who have, in addition, been found by SSA to be eligible for SSI on the basis of financial need, as determined, based upon both income and resources (as those terms are defined for purposes of the Social Security Act).

3. The SSA contracted with the New York State Office of Temporary and Disability

Assistance ("OTDA") to conduct disability determination services for applicants to determine the applicants' eligibility for SSA disability benefits.

4. Applicants for SSA disability benefits are required to execute Form SSA-827, "Authorization to Disclose Information to the Social Security Administration" which authorizes the disclosure to the SSA and the State agency authorized to process the applicant's case of all medical records, education records and other information related to the applicant's ability to perform tasks. Form SSA-827 lists the applicant's name, social security number, date of birth, address, and telephone number. A substantial number of executed Forms SSA-827 were electronically stored by the OTDA on a particular computer located at its office at 99 Washington Avenue, Albany, New York.

5. Defendant **EVAN V. KANE** was a subcontractor of "Company A." OTDA contracted with "Company A" to upgrade the computer located at its office at 99 Washington Avenue, Albany, New York on which the Forms SSA-827 referenced in paragraph "4" above were electronically stored. On October 21, 2010, **EVAN V. KANE** was dispatched to OTDA to perform the necessary computer upgrades. As such, he had access to the computer on which the Forms SSA-827 were electronically stored.

## The Scheme to Defraud

6. Commencing on or before October 21, 2010, and continuing through and including November 19, 2010, **EVAN V. KANE**, the defendant herein, did, in connection with the fraudulent application for credit cards, knowingly and willfully execute and attempt to execute a scheme and artifice to defraud, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property of Capital One

Bank. It was part of the scheme and artifice to defraud that the defendant accessed a substantial number of executed Forms SSA 827 which were electronically stored on a computer at OTDA's office at 99 Washington Avenue, Albany, New York that he serviced as part of his duties as a subcontractor with "Company A". It was further part of the scheme and artifice to defraud that the defendant obtained identifying information for unwitting persons from the Forms SSA 827 and used that identifying information to prepare and submit applications to Capital One Bank to issue credit cards in the names of the unwitting persons.

7. It was a further part of the scheme and artifice to defraud that on October 28, 2010, defendant would and did rent and cause to be rented a UPS mailbox at the UPS Store, Box 109, 740 Hoosick Road, Brunswick, New York in the name "Carl Jewett".

8. It was a further part of the scheme and artifice to defraud that defendant would and did change and cause to be changed the addresses of the unwitting persons to Box 109, 740 Hoosick Road, Brunswick, New York in his applications for credit cards from Capital One Bank.

## COUNTS ONE THROUGH EIGHT
(Mail Fraud)

9. The allegations in paragraphs 1 through 8 are re-alleged and incorporated by reference.

10. On or before November 4, 2010, **EVAN V. KANE**, the defendant herein, for the purpose of executing the aforesaid scheme and artifice and attempting to do so, knowingly caused to be placed in any post office or authorized depository for mail matter to be delivered by the Postal Service, to wit, eight (8) envelopes containing credit cards issued by Capital

One Bank and which were received at Box 109, 740 Hoosick Road, Brunswick, New York :

| Count | Victim | Mailing | Date |
|---|---|---|---|
| **One** | S.S. | Capital One credit card account number XXXXXXXXXXXX7455 | 11/4/2010 |
| **Two** | D.L. | Capital One credit card account number XXXXXXXXXXXX2304 | 11/4/2010 |
| **Three** | R.H. | Capital One credit card account number XXXXXXXXXXXX6046 | 11/4/2010 |
| **Four** | P.G. | Capital One credit card account number XXXXXXXXXXXX2834 | 11/4/2010 |
| **Five** | L.T. | Capital One credit card account number XXXXXXXXXXXX3749 | 11/4/2010 |
| **Six** | G.B. | Capital One credit card account number XXXXXXXXXXXX2437 | 11/4/2010 |
| **Seven** | D.R. | Capital One credit card account number XXXXXXXXXXXX9703 | 11/4/2010 |
| **Eight** | D.F. | Capital One credit card account number XXXXXXXXXXXX4827 | 11/4/2010 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS NINE THROUGH SIXTEEN
### (Aggravated Identity Theft)

11. The allegations in paragraphs 1 through 10 are re-alleged and incorporated by reference.

12. On or about the dates set forth below, in the Northern District of New York, and elsewhere, defendant, **EVAN V. KANE,** during and in relation to felony violations of Chapter 47 of Title 18, United States Code, including, but not limited to, the violations alleged in Counts 1 through 8, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as follows:

| Count | Date | Victim | Means of Identification |
|---|---|---|---|
| Nine | 10/21/2010 through 11/4/2010 | S.S. | Name and Social Security number ending in 5052 |
| Ten | 10/21/2010 through 11/4/2010 | D.L. | Name and Social Security number ending in 6376 |
| Eleven | 10/21/2010 through 11/4/2010 | R.H. | Name and Social Security number ending in 7565 |
| Twelve | 10/21/2010 through 11/4/2010 | P.G. | Name and Social Security number ending in 9981 |
| Thirteen | 10/21/2010 through 11/4/2010 | L.T. | Name and Social Security number ending in 1678 |
| Fourteen | 10/21/2010 through 11/4/2010 | G.B. | Name and Social Security number ending in 9343 |
| Fifteen | 10/21/2010 through 11/4/2010 | D.R. | Name and Social Security number ending in 5830 |
| Sixteen | 10/21/2010 through 11/4/2010 | D.F. | Name and Social Security number ending in 7314 |

All in violation of Title 18, United States Code, Section 1028A.

## COUNT SEVENTEEN

13. The allegations in paragraphs 1 through 12 are re-alleged and incorporated by reference.

14. On or about October 21, 2010, within the Northern District of New York, the defendant, **EVAN V. KANE,**, intentionally accessed without authorization or exceeded his authorization to access a facility through which an electronic communication service is provided and thereby obtained an electronic communication while it was in electronic storage in such system, and the offense was committed for purposes of private commercial gain.

All in violation of 18 U.S.C. §§ 2701(a) and (b)(1)(A).

## FORFEITURE

### (18 U.S.C. §§ 981, 982, 1028, 28 U.S.C. § 2461)

15. Count One through Count Seventeen of this Indictment are realleged and incorporated by reference as though fully set forth herein.

16. As a result of committing one or more of the alleged offenses in Count One through Count Seventeen of this Indictment, if convicted, the defendant, **EVAN V. KANE,** shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c): his interest, if any, in any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341 (relating to mail fraud) or Title 18, United States Code, Section1028A (relating to aggravated identity theft) .

The intent of the United States of America to forfeit such property includes, but is not limited to, a money judgment in an amount representing the full value of the proceeds of the offenses of convictions in Count One through Count Ten. Any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to violate Title 18 U.S.C. § 1343.

## SUBSTITUTE ASSETS

17. If any property subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), as a result of any act or omission of **EVAN V. KANE**,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficult;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 28 U.S.C. §§ 2461 to seek forfeiture of properties of the defendants up to the value of the above forfeitable property in United States currency.

All pursuant to Title 18, United States Code, Sections 981, 982, and Title 28, United States Code, Section 2461.

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

By: *[signature]*

Daniel Hanlon
Assistant United States Attorney
Bar Roll No. 514103